IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS S. SULLIVAN, | : Civil No. 08-cv-741 |
| : | |
| Plaintiff, | : |
| v. | : |
| : | Judge John E. Jones III |
| JUDGE RICHARD LINEBAUGH, | : |
| JUDGE JAMES MINER, LORI YOST, | : |
| MICHELLE L. SOMMER, | : (Magistrate Judge Smyser) |
| NATHANIEL D. BEHRENDT, | : |
| & COREY L. MERWEDE, | : |
| : | |
| Defendants. | : |

## MEMORANDUM

### March 16, 2009

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Rec. Doc. 34) which recommends that the Motions for Summary Judgment filed by Defendants Yost and Summer (Rec. Doc. 3) and Defendants Behrendt and Merwede (Rec. Doc. 10) be granted and that the Plaintiff's complaint be dismissed. No objections to the R&R have been filed.[1] For the reasons set forth below, the Court will adopt the R&R.

---

[1] Objections were initially due by March 6, 2009. Plaintiff subsequently received an extension, which expired at 8:00 this morning without the filing of any objections.

1

I.   **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations, and although no reason has been presented to revisit them, the Court will briefly review the salient aspects of the R&R.

II.   **BACKGROUND**

Plaintiff Dennis S. Sullivan filed a *pro-se* Complaint against six

Defendants[2] arising from two civil actions in the Pennsylvania Court of Common Pleas of York County in which Defendant challenged his conviction for violating the Pennsylvania vehicle code. Defendants Yost and Summer filed a Motion to Dismiss (the "Yost Motion") the charges against them on May 9, 2008. (Rec. Doc. 3). Defendants Behrendt and Merwede filed a similar motion (the "Behrendt Motion") on June 10, 2008. (Rec. Doc. 10). Through an R&R dated February 17, 2009, Magistrate Judge Smyser recommended that we grant both Motions and close the instant case.[3]

As aforementioned, the Plaintiff has failed to file objections to this R&R. Because we agree with the sound reasoning that led Magistrate Judge Smyser to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>. An

---

[2] The named Defendants are judge Richard Linebaugh, Judge James Miner, Lori Yost, Michelle L. Sommer, Nathanael D. Behrendt, and Corey L. Merwede.

[3] While there was no Motion to Dismiss filed by either Defendant Linebaugh or Defendant Miner, district courts do have the power to dismiss claims pursuant to Federal Rule of Civil Procedure 12(b)(6) *sua sponte*. <u>Bintliff-Richie v. American Reinsurance Co.</u>, 285 Fed. Appx. 940, 943 (3d Cir. 2008) (quoting <u>Bryson v. Brand Insulations, Inc.</u>, 621 F.2d 556, 559 (3d Cir. 1980)). After exercising his *sua sponte* review power, Judge Smyser recommended that the claims against Defendants Linebaugh and Miner be dismissed.

appropriate order shall enter.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS S. SULLIVAN | CIVIL NO. **4:08-CV-0741** |
| Plaintiff | (Judge Jones) |
| v. | (Magistrate Judge Smyser) |
| JUDGE RICHARD LINEBAUGH, JUDGE JAMES MINER, LORI YOST, MICHELLE L. SOMMER, NAHTANAEL D. DEHRENDT, and COREY L. MERWEDE, | |
| Defendants | |

### REPORT AND RECOMMENDATION

The plaintiff, a citizen of York County, Pennsylvania, proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on April 22, 2008. The plaintiff paid the filing fee.

The defendants named in the complaint are: 1) Judge Richard Linebaugh of the York County Court of Common Pleas; 2) Judge James Miner, a Magisterial District Judge York County; 3) Ms. Lori Yost, an Assistant District Attorney in York County; 4) Ms. Michelle L. Sommer, an Assistant District Attorney in York County; 5) Mr. Nathanael D. Behrendt, a police officer employed by the Police Department of Penn Township, Hanover; and 6) Mr. Corey L. Merwede, a police officer employed by the Police Department of Penn Township, Hanover.

This Report and Recommendation addresses a motion to dismiss the complaint filed by defendants Yost and Sommer, and a

motion to dismiss the complaint filed by defendants Behrendt and Merwede. (Docs. 3, 10).

The plaintiff claims in the complaint that his due process rights have been violated by the defendants. The plaintiff brought two civil actions in the Court of Common Pleas of York County challenging his conviction for violations of the Pennsylvania vehicle code. The Commonwealth Court of Pennsylvania, on appeal from the Court of Common Pleas of York County, summarized the procedural history of the state court proceedings in an August 23, 2007 memorandum opinion:

> Dennis S. Sullivan (Sullivan) appeals *pro se* from orders of the Court of Common Pleas of York County (trial court) sustaining the preliminary objections of the Honorable Stephen P. Linebaugh (Judge Linebaugh), Magisterial District Justice James Miner (Magistrate Miner), Penn Township Police Officers Corey L. Merwede (Officer Merwede) and Nathanael D. Behrendt (Officer Behrendt), and Assistant District Attorneys of York County Lori Yost (ADA Yost) and Michelle L. Sommer (ADA Sommer) and dismissing them as parties.
> Sullivan was stopped on August 27, 2004, by Officer Merwede and was charged with driving while under suspension, driving an unregistered vehicle, operating a vehicle without a valid inspection, and driving a vehicle without the required financial responsibility. The very next day, Sullivan was stopped by Officer Behrendt for the identical violations of the Pennsylvania Vehicle Code (Vehicle Code) as he had been the day before. After being found guilty by Magistrate Miner on all charges brought by Officers Merwede and Behrendt, Sullivan filed a summary appeal with the trial court as well as a "Sworn Motion to Dismiss on Undisputed Facts of Want of Subject Matter Jurisdiction" (Motion). At a *de novo* hearing before the trial court, ADA Yost and ADA Sommer prosecuted the traffic-related charges, and at the conclusion of the hearing, the trial court, through Judge Linebaugh, denied the Motion and again found Sullivan guilty of all charges brought by both Officers. Sullivan appealed to the Pennsylvania Superior Court, which dismissed the appeal.

2

(Doc. 3, Ex. 4). The Commonwealth Court affirmed the Common Pleas Court, holding that the Common Pleas Court had correctly decided that all parties were protected by the doctrine of immunity and that collateral estoppel prohibited the plaintiff from raising the same issues in his civil action that the Superior Court had ruled upon in his appeal from the traffic violations. (Doc. 3, Ex. 4).

The allegations of the complaint are not clear. The plaintiff appears to intend to incorporate the complaint that he filed in the Court of Common Pleas in York County by referring to it throughout the complaint and by attaching it to the complaint. (Doc. 1, Ex. 1). The complaint alleges:

> 7. This is a civil action seeking damages against Defendants for misconduct in office and obstruction of justice committing multiple acts (counts) of criminal fraud, criminal extortion, malicious prosecution, and false arrest and false imprisonment in clear absence of subject-matter jurisdiction. Said criminal acts (counts) included numerous acts (counts) of falsifications of records, simulations of legal process, withholding, tampering with, and fabricating of evidence and records, and other acts intended to deceive Plaintiff Dennis S. Sullivan, hereinafter Plaintiff, they had subject-matter jurisdiction in Traffic Court Case No. 551.

The plaintiff makes allegations concerning the Pennsylvania Motor Vehicle Code. The plaintiff alleges:

> 8. Defendant Merwede acting under color of office, hence under color of law, maliciously and falsely accused Plaintiff Sullivan with violations of Pennsylvania Statutes 1786F, 4703A, 1301A, and 1543A of Title 75, and falsely arrested and imprisoned Plaintiff for violations of the above stated statutes when they knew or should have known that the quoted statutes were a provision of The Pennsylvania Department of Transportation, hereinafter PENNDOT, administrative law and that it was self evidence when Plaintiff was detained, charged, are (sic) arrested that he was not a person subject to the above noted statutes, and also

3

> when they knew or should have known that notwithstanding the language of Pa. Statute, the Pennsylvania legislature has no authority to enact law pertaining to matters of arrest and imprisonment as part of the Pennsylvania Penal Code which can reach outside of the Pennsylvania Penal Code evidenced wholly in Title 18 of the Pennsylvania Statutes and into a body of Pennsylvania administrative law and authorize arrest and imprisonment for violation of a provision found in said body of administrative law.
>
> 9. Defendants Linebaugh, Miner, and Sommer aided and abetted said false arrest and false imprisonment and maliciously prosecuted plaintiff in clear absence of subject-matter jurisdiction engaging in repeated acts of criminal fraud and criminal extortion with knowing, wanton, malicious and willful intent to irreparably harm, damage, and injure Plaintiff by acting with willful intent to deceive Plaintiff and the court that he was a party subject to the aforementioned statutes listed in the above #8, when they knew, or should have known, that no evidence of law had been or could be produced showing Plaintiff was a person subject to the body of Pennsylvania PENNDOT administrative law, which includes chapters 13, 15, 17, and 47 of the Pennsylvania Statutes nor could Plaintiff be arrested and imprisoned upon a presumption of authorization pursuant to Pa. Statute.

The complaint alleges that at the time of the traffic stops, the plaintiff had the right to travel, and that Officers Merwede and Behrendt abrogated that right during the traffic stops on August 27 and August 28, 2004. Further, the complaint alleges:

> 15. After going through the local what I consider to be kangaroo court and attempting to the best of my ability at the time to express my conviction of the right to travel and seeing that there would be no plenary due process of law and after filing appeal with the court of records, York County Pennsylvania, the Plaintiff (defendant at the time) did on March 8th 2005 file with the Clerk of York County the following papers:
>
>   1. sworn motion to dismiss on undisputed facts of want of subject-matter jurisdiction.
>
> (As support papers the following Memorandums of Law were also filed with the Clerk of Court)

4

>    2.   memorandum of law on the right to travel
>    3.   memorandum of law in matter of what is the
>         Pennsylvania Department of Transportation
>         and who is subject to its jurisdiction
>    4.   memorandum of law in support of demand for
>         want of jurisdiction
>
> in the instant matter and further on the same said day
> or shortly thereafter copies of the sworn motion to
> dismiss on undisputed facts of want of subject-matter
> jurisdiction and said above listed three supporting
> memorandums of law were served on all defendants named,
> except Michelle L. Sommer who later became the Attorney
> for the Commonwealth and is now aware and/or in
> possession of copies of all above listed papers.

The complaint alleges that the defendants have never "provided written answers" to each of the plaintiff's 53 averments contained in his "Sworn Motion to Dismiss." The plaintiff requests that this Court require the defendants to answer each of the 53 averments. In addition, the plaintiff requests that "[a]lso being that appellant in case dated May 4th 2005 proceeded without jurisdiction and therefore without authority be required to answer as defendants for the civil tort as filed in the York County civil court and dated Nov. 9, and perfected on December 6, 2005." (Doc. 1).

It appears from the plaintiff's complaint and exhibits that the plaintiff contended in the criminal case in the York County Court of Common Pleas, in which he was being prosecuted for violations under 75 Pa. C.S. §§ 1786, 4703, 1301 and 1543, that these Pennsylvania statutory criminal prohibitions could not be enforced as to him because he is not within the class of persons subject to the motor vehicle requirements and correlative criminal prohibitions imposed under these statutes.

5

His claim in this federal civil action is that the Pennsylvania police, prosecutorial and judicial defendants, and the Pennsylvania courts in his post-conviction challenges to his convictions, failed to decide that his contentions were legally correct. It is fairly inferred from the plaintiffs complaint and attachments that the Pennsylvania courts ruled upon this contention, albeit not in the plaintiff's favor.

Defendants Yost and Sommer filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted and a brief in support on May 9, 2008. (Docs. 3, 4). On June 10, 2008, defendants Behrendt and Merwede filed a motion to dismiss and brief in support. (Docs. 10, 11). The plaintiff filed a brief in opposition to both motions. (Docs. 14, 23, 24). Defendants Behrendt and Merwede filed a reply brief on December 8, 2008. (Doc. 25). The plaintiff filed a motion to strike the reply brief of defendants Behrendt and Merwede on December 15, 2008. (Doc. 26). We will recommend that the plaintiff's motion to strike be denied because we find that the reply brief was properly filed. (Doc. 26).

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw

6

all inferences in the light most favorable to the plaintiff. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991). However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id.* at 449-50.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stating a claim requires a complaint with enough factual matter to suggest the required elements of a claim. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). However, "this 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* (quoting *Twombly*, *supra*, 127 S.Ct. at 1965). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson, supra.*, 127 S.Ct. at 2200. The "notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to

7

dispose of unmeritorious claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002).

Defendants Yost, Sommer, Behrendt and Merwede argue that the plaintiff's complaint should be dismissed because this court lacks jurisdiction due to the *Rooker-Feldman* doctrine. The defendants argue that the plaintiff is attempting to relitigate or to appeal final state court judgments. The defendants point out that the plaintiff's complaint in this case mirrors his state court complaint.

The *Rooker-Feldman* doctrine embodies the principles set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Section 1257 of Title 28 of the United States Code confers on the United States Supreme Court appellate jurisdiction to review final judgments of the states' highest courts. The *Rooker-Feldman* doctrine is the doctrine that, by negative implication, inferior federal courts lack subject matter jurisdiction to review final judgements of the states' highest courts. *E.B. v. Verniero*, 119 F.3d 1077, 1090 (3d Cir. 1997). The *Rooker-Feldman* doctrine has been interpreted to also apply to final decisions of lower state courts. *Id*. "District courts lack subject matter jurisdiction once a state court has adjudicated an issue because Congress has conferred only original jurisdiction, not appellate jurisdiction, on the district courts." *In re Gen. Motors Corp. Products Liability Litigation*, 134 F.3d 133, 143 (3d Cir. 1998). The existence of a state court judgment in another

8

case bars a subsequent federal proceeding under *Rooker-Feldman* "when entertaining the federal court claim would be the equivalent of an appellate review of that order." *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996). "Under the *Rooker-Feldman* doctrine, lower federal courts cannot entertain constitutional claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." *Whiteford v. Reed*, 155 F.3d 671, 673-74 (3d Cir. 1998). In other words:

> *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state decision or void its ruling. Accordingly, to determine whether *Rooker-Feldman* bars [a] federal suit requires determining exactly what the state court held . . . If the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit.

*Whiteford, supra*, 155 F.3d at 674 (quoting *FOCUS, supra*, 75 F.3d at 849).

In the instant case, the plaintiff is requesting that this court direct the defendants to answer his "sworn motion to dismiss on undisputed facts of want of subject-matter jurisdiction" that he filed in his state civil action. This motion was denied in state court. (Doc. 3, Ex. 4). Essentially, the plaintiff is challenging the validity of his conviction for violating the Pennsylvania Vehicle Code, and, in requesting this court to direct the defendants to answer his "sworn motion",

9

filed before his trial, he is asking this court to disrupt his state court conviction. The plaintiff pursued his state civil suits to the Pennsylvania Supreme Court, where his petition for allowance of appeal was denied. Pursuant to *Rooker-Feldman*, this court does not have jurisdiction in this case. Accordingly, it will be recommended that the case be dismissed.

Although not raised by the defendants, the plaintiff's case is barred by *Heck v. Humphrey*.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the plaintiff filed a 42 U.S.C. § 1983 damages action against two county prosecutors and an Indiana State Police investigator. The plaintiff in *Heck* alleged that the defendants had engaged in an unlawful, unreasonable, and arbitrary investigation which led to the plaintiff's arrest; that the defendants had knowingly destroyed exculpatory evidence; and that the defendants had caused an illegal voice identification procedure to be used at trial. The United States Supreme Court affirmed the lower court's dismissal of the action. The Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at

10

486-87(footnote omitted). Even if a plaintiff has exhausted available state remedies the plaintiff has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the granting of a writ of habeas corpus. *Id.* at 489. The Court noted that the "issue with respect to monetary damages challenging conviction is not . . . exhaustion; but rather, the same as the issue was with respect to injunctive relief challenging conviction in *Preiser*: whether the claim is cognizable under § 1983 at all."
*Id.* at 483.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the United States Supreme Court applied the reasoning of *Heck* to a claim for damages and declaratory relief based on allegedly improper procedures used during a prison disciplinary hearing that resulted in the loss of good time credits. In *Edwards*, the prisoner claimed that the hearing officer at his prison disciplinary hearing concealed exculpatory witness statements and prevented the prisoner from presenting evidence in his defense, and that the hearing examiner was biased. The Court held that the procedural defects complained of by the prisoner would, if established, necessarily imply the invalidity of the deprivation of his good time credits and that the prisoner's claims are not cognizable in a Section 1983 action. *Id.* at 648.

Although the plaintiff has not been incarcerated as a result of his conviction for violating the Pennsylvania vehicle code, the reasoning of *Heck* and *Edwards* applies to his § 1983

11

claims, which challenge his conviction. The claims in the plaintiff's complaint, that the lower state courts lacked subject matter jurisdiction because he is not within the class of persons subject to the motor vehicle requirements imposed under the Pennsylvania Vehicle Code, necessarily challenges his conviction and sentence for violating the Vehicle Code. The plaintiff's claims are barred by *Heck* because a finding in the plaintiff's favor on his due process claims would necessarily imply the invalidity of his conviction and sentence.

Further, the claims asserted against state judges in the complaint are barred by the doctrine of judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)(per curiam). There are two exceptions to the doctrine of judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. . .[s]econd, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12(citations omitted). Neither exception applies here. Accordingly, the claims against Judge Richard Linebaugh and Magisterial District Judge James Miner should be dismissed on this separate basis as well as those already discussed.

Based on the foregoing, it is recommended that the defendants' motions (Docs. 3, 10) be granted and that the case file be closed. Further we recommend that the plaintiff's motion to strike (Doc. 26) be denied.

                                              **/s/ J. Andrew Smyser**
                                              J. Andrew Smyser
                                              Magistrate Judge

Dated: February 17, 2009.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS S. SULLIVAN                  :   CIVIL NO. **4:08-CV-0741**
                                    :
                                    :   (Judge Jones)
            Plaintiff               :
                                    :   (Magistrate Judge Smyser)
       v.                           :
                                    :
JUDGE RICHARD LINEBAUGH,            :
JUDGE JAMES MINER, LORI YOST,       :
MICHELLE L. SOMMER,                 :
NAHTANAEL D. DEHRENDT,              :
and COREY L. MERWEDE,               :
                                    :
            Defendants              :

**NOTICE**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.